Mr. Justice SWAYNE
delivered the opinion of the court.
The question presented for our determination in this case *117 is a purely statutory one, and it must be decided by the light of the lawg of Congress, which relate to the subject.
The 52d section of the act of March 2d, 1799, declares that goods, of which an incomplete entry has been made, or which shall have received damage during the voyage, to be ascertained by the proper officers, shall be conveyed in the parcels or packages containing them to some warehouse, to be designated by the collector, and that they shall remain thei'e at the expense of the owner or consignee, under the care of some proper officer, “ until the particulars, cost, or value, as the case may be, shall be ascertained.” The proceedings touching the appraisement, in case of damage during the voyage, are particularly prescribed. The proper deduction is also provided for, whether the goods are chargeable with a duty ad valorem, or a specific duty. The section concludes with a proviso, that no allowance shall be made for the damage on any goods aud merchandise which have been entered, and on which the duties have been paid, or secured to be paid, and for which a permit has been granted, unless the proof to ascertain the damage shall be lodged in the custom-house within ten days after the merchandise was landed.
The act of the- 3d of March, 1823, provides that, before goods taken from a wreck shall be entered, they shall be appraised in the manner prescribed by the 16th section of the act, and that the same proceedings shall be had, in all cases, where a reduction of duties is claimed on account of the damage which any goods may have sustained in the course of a voyage.
It provides further, that in all cases, when the owner or consignee is dissatisfied with the appraisement, he may avail himself of the privileges given by the 18th section of the act.
It is not necessary to advert to the 16th an(í 18th sections more particularly. They embrace details in nowise material to the question under consideration. In so far as they are inconsistent with the mode of ascertaining the damage to the goods pi-escribed by the .act of 1799, the former act *118 must yield to the latter, and it is to that extent repealed. But this in no wise affects the limitation of the time, fixed by the act of 1799, within which the proof of the damage must .be lodged in the custom-house.
' The plaintiffs were clearly nbt- entitled to recover, because it did not appear that this requirement of that act had been complied with. It was neither. agreed nor made to appear aliunde that any. proof was filed within the ten days.
There is another objection, which is equally conclusive. The statute of 1823 requires the damage to be ascertained before the goods arc entered at the custom-house. Thi3 order of proceeding was attempted to be. inverted by the plaintiffs. They entered the molasses regularly at the in voice price, and then insisted upon an appraisement of the damage, and a corresponding reduction of the duties, and the latter being refused, paid the full amount under protest. The protest was unavailing. The claim for an appraisement, and for the consequent reduction of the duties, came too late. The door to relief was then- closed, and no power but the legislature could reopen it. The right was one which the importers might assert or waive at their option. The entry of the goods was such a waiver, and it was final. There was no power in the executive department of the government competent to restore it. We place our decision upon two gro'unds :
One — that the requisite proof 'was not lodged in the custom-house within the time prescribed by the act of 1799.
The other — that the molasses was completely entered before the proceedings authorized bjr the act of 1823 were demanded and taken.
The judgment below is
Affirmed.